Joseph G. Went
Nevada Bar No. 9220
David J. Freeman
Nevada Bar No. 10045
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jgwent@hollandhart.com
dfreeman@hollandhart.com

*Attorneys for Regional Transportation
Commission of Southern Nevada*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PRAPRICE COLLINS, individually;<br><br>Plaintiff,<br><br>v.<br><br>KARYN FLORENCE PAGE. aka. Karyn Florence McCorkle, an individual; REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA, a political subdivision of the State of Nevada; CLARK COUNTY, a political subdivision of the State of Nevada; KEOLIS TRANSIT SERVICES, LLC, dba KEOLIS TRANSPORTATION, a Foreign Limited-Liability Company; and DOES I-X; and ROE CORPORATIONS I-X inclusive,<br><br>Defendants. | Case No.  2:22-cv-02137-APG-NJK<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>***[SPECIAL SCHEDULING REVIEW REQUESTED]*** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule (LR) 26-1, Plaintiff, PRAPRICE COLLINS ("Plaintiff") and Defendants KARYN FLORENCE PAGE. aka. Karyn Florence McCorkle ("Page"), REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA ("RTC"), CLARK COUNTY ("County") and KEOLIS TRANSIT SERVICES, LLC, dba KEOLIS TRANSPORTATION ("Keolis"), by and through their respective counsel of record submit the following *Stipulated Discovery Plan and Scheduling Order*. Special Scheduling Review is requested.

1.     **Reasons Why Longer Time Periods Should Apply.**

The plaintiff alleges that she was struck by a vehicle while waiting at a bus shelter and alleges that she suffered, inter alia, significant bodily injuries as a result. Plaintiff currently resides in Minnesota where she has received extensive medical care that she alleges was caused by her accident-related injuries. The parties anticipate that they will have to each obtain the medical records for this out of state medical care and depose the out of state medical providers, which will necessitate a longer discovery period.

Furthermore, plaintiff's investigation suggests there has been a series of cases over the past decade alleging accidents in which vehicles have left the roadway injuring bus passengers waiting at bus shelters in the Clark County, Nevada area. Multiple of these cases that have resolved prior to trial are governed by settlement agreements, which make discovery that may be relevant to this case confidential. Under these agreements, a disclosing party must give notice and the opportunity to object to the parties to the confidentiality clauses. Said objections may lead to discovery-delaying motion practice in this case, which the parties anticipate and have factored into their request for a longer discovery period

2.     **Discovery Cut-Off Date.**  The parties request a discovery period of three hundred sixty-four (364) days from the date the first Defendant answers or otherwise appears.  Defendant RTC first appeared by removing this matter from the Eighth Judicial District Court on December 23, 2022.  The discovery period will therefore close on **Friday, December 22, 2023**.

3.     **Initial Disclosures.**  Both Plaintiff and Defendants will make their Initial Disclosures no later than **Friday, March 10, 2023**.

4.     **Amending the Pleadings and Adding Parties.**  The date for filing motions to amend the pleadings or to add parties shall be ninety-one (91) days prior to the close of discovery on **Friday, September 22, 2023**.  Any party causing additional parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

5.     **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).**  The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline on **Monday, October 23,**

2

**2023**. The disclosures of any rebuttal experts shall be due thirty (30) days after the initial disclosures of experts on **Wednesday, November 22, 2023**. The requirements of Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure shall apply to any such disclosures.

6. **Dispositive Motions.** Dispositive motions shall be filed not later than thirty-one (31) days after the discovery cut-off date on **Monday, January 22, 2024**.

7. **Pretrial Order.** The Joint Pretrial Order shall be filed thirty (30) days after the date set for filing dispositive motions on **Wednesday, February 21, 2024**. In the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

8. **Fed. R. Civ. P. 26(a)(3) Disclosures.** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

9. **Alternative Dispute Resolution.** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties have not reached any stipulations at this stage.

10. **Alternative Forms of Case Disposition.** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not agree to have the case heard before a magistrate judge.

11. **Extension or Modification of the Discovery Plan and Scheduling Order.** LR 26-3 governs modifications or extensions to this discovery plan and scheduling order. Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the subject deadline and comply fully with LR 26-3.

12. **Subjects on Which Discovery Will be Conducted.** No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules. The parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents. Discovery does not need to be conducted in phases or limited or focused on particular issues.

13. **Electronic Evidence.** The parties do not anticipate discovery issues at this time and do not foresee any issues arising from the disclosure of electronically stored information ("ESI"). The Parties agree to work cooperatively regarding the exchange of ESI to the extent necessary. In the event the exchange of ESI is necessary, the Parties shall confer in good faith to determine the agreed protocols for production and will seek Court assistance in the unlikely event an agreement between the Parties is not reached. The parties agree that pursuant to Rules 5(b)(2)(e) and 6(d) of the Federal Rules of Civil Procedure, any discovery papers, such as discovery requests, discovery responses, deposition notices, and discovery disclosures, may be served via electronic mail to the email addresses designated by the parties. Unless otherwise requested, the parties may produce documents in PDF format. The parties further intend, to the extent practical, to present evidence in electronic format. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to the method as this early stage. The parties reserve the right to submit hard copies of any and all exhibits, if necessary, and to amend this plan either by stipulation or motion. Plaintiff has demanded a jury trial by filing a jury demand in connection with her Complaint, which was originally filed before the Eighth

/ / /

/ / /

/ / /

Judicial District Court on November 17, 2022 and was removed to this Court on December 23, 2022.

DATED this 24th day of February 2023.

/s/ David J. Freeman
Joseph G. Went, Esq.
Nevada Bar No. 9220
David J. Freeman, Esq.
Nevada Bar No. 10045
Holland & Hart llp
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendant Regional Transportation Commission of Southern Nevada*

DATED this 24th day of February 2023.

/s/ Robert T. Warhola
Robert T. Warhola
Nevada Bar No. 4410
Deputy District Attorney
P.O. Box 552215
Las Vegas, NV 89155-2215

*Attorney for Defendant Clark County*

DATED this 24th day of February 2023.

/s/ Andrew R. Muehlbauer
Andrew R Muehlbauer, Esq.
Nevada Bar No. 10161
Muehlbauer Law Office
7915 W Sahara Ave. Suite 104
Las Vegas, NV 89117

*Attorneys for Defendant Keolis*

DATED this 24th day of February 2023.

/s/ Ross Moynihan
Ross Moynihan, Esq.
Nevada Bar No. 11848
Stovall & Associates
2301 Palomino Lane
Las Vegas, NV 89107

*Attorney for Plaintiff Praprice Collins*

DATED this 24th day of February 2023.

/s/ Mark T. Liapis
Mark T Liapis, Esq.
Nevada Bar No. 4317
Pyatt Silvestri
701 Bridger Ave. Suite 600
Las Vegas, NV 89101

*Attorney for Defendant Karyn Florence Page*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2023

5